# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES PEASE,

    Plaintiff,

v.                                                                      Case No. 20-CV-103

WHITEWATER UNIFIED SCHOOL DISTRICT and
MARK ELWORTHY,

    Defendants.

## DECISION AND ORDER

Currently pending before me are Pease's Motion to Extend Discovery, Motion for Sanctions, and for an award of attorney's fees (Docket # 53) and Defendants' motion for leave to exceed the summary judgment page limit and proposed findings of fact (Docket # 68). For the reasons further explained below, the Defendants' motion is granted and Pease's motion is granted in part and denied in part.

## BACKGROUND

Discovery in this case has been contentious, to say the least. Much conflict revolves around Pease's May 28, 2019 resignation letter, in its native format. Pease drafted the resignation letter on the work computer of his wife, Amy Pease, a teacher for the Waukesha School District. (Declaration of Amy Pease ("Pease Decl.") ¶¶ 5, 9, Docket # 30.) On August 18, 2020, Amy Pease avers that her boss told her to pick up a new computer and return her old one. (*Id.* ¶¶ 8, 12.) Per her employer's policy, Amy Pease backed up the files from her old computer prior to receiving her new computer. (*Id.* ¶ 10.) Amy Pease was told that after her old computer is turned in, the district erases the hard drive. (*Id.* ¶ 12.)

When Defendants requested the native file of the letter, Pease first looked on the backed up hard drive, only to discover that it had failed. (Docket # 32 at 1–2, 5.) Amy Pease contacted her school district and learned that it may not have wiped her computer as planned. (Pease Decl. ¶ 42.) Discovery in this case closed on April 30, 2021. (Docket # 13.)

On April 30, 2021, Pease filed a motion to extend the discovery deadline and to compel, asserting that defense counsel disrupted the February 4, 2021 deposition of David Brokopp and failed to produce documents, including documents related to the defendant school district's gymnasium floor. (Docket # 20.) Defendants responded with their own motion to compel and for sanctions on May 12, 2021, arguing that Pease failed to produce the native file of his May 28, 2019 resignation letter. (Docket # 24.) Defendants accused Pease of spoliating the file and requested dismissal of the action as a sanction. (*Id.*)

A hearing was held on May 20, 2021. (Transcript of May 20, 2021 Hearing ("May 20 Tr."), Docket # 39.) Regarding documents related to the gymnasium floor, the parties were ordered to meet and confer and agree on a list of search terms to discover any additional documents. (*Id.* at 38.) The issue of the resignation letter was not addressed at this hearing.

An additional hearing was held on June 4, 2021. (Transcript of June 4, 2021 Hearing ("June 4 Tr."), Docket # 40.) Regarding the gymnasium floor documents, Defendants stated that Pease had provided search terms and defense counsel had given the terms to the district to conduct the search. (Tr. 10.) As to the resignation letter, Pease was ordered to produce the resignation letter in its native format, subject to any protocols in place by Amy Pease's employer regarding student confidentiality. (Tr. 24.) I denied Defendants' motion to dismiss Pease's case as a sanction for his alleged spoliation of the native file resignation letter. (Tr. 37.)

I also reopened discovery for the limited purposes of allowing the re-deposition of David Brokopp, the production of the native file format of Pease's resignation letter, and completing the search for the gymnasium floor documents based on the parties' agreed upon search terms. (Tr. 9.) I further ordered the parties to equally split Pease's portion of the costs associated with Brokopp's February 2021 deposition and Brokopp's re-deposition. (Tr. at 7–8.) On July 30, 2021, I ordered a third-party vendor to conduct a computer search for any versions of the resignation letter. (Docket # 51.) Defendants produced thousands of documents between August 21 and 24 in response to the computer search regarding the gymnasium floor. (Docket # 54 at 6–7.) Brokopp's re-deposition was conducted on August 27, 2021. (Docket # 53 at ¶ 1.)

This brings me to the motions currently pending. On October 29, 2021, Pease filed a motion to extend discovery, for sanctions, and for attorney's fees. (Docket # 53.) Regarding Brokopp's re-deposition, Pease asserts that Defendants' counsel again impeded and frustrated the deposition. (Docket # 54 at 2–5.) Pease further argues that Defendants refused to pay its share of the Brokopp deposition costs, as ordered by the Court on June 4, 2021. (*Id.* at 5–6.) Pease also argues that the thousands of pages of documents produced between August 21 and 24 regarding the gymnasium flooring should have been produced in December 2020 (*id.* at 6–7) and that an addendum to a memo written by Brokopp shows that Defendants modified it while discovery was pending and failed to produce it to Pease (*id.* at 14). Pease argues that discovery needs to be extended for an additional 60 days based on this additional discovery and requests costs relating to the allegedly withheld discovery and attorney's fees for bringing the instant motion. (*Id.*)

Defendants filed their summary judgment motion on November 1, 2021, together with a motion for reconsideration of the Court's June 4, 2021 Order denying sanctions for Pease's alleged spoliation of the native file resignation letter. (Docket # 57.) Defendants request leave to file an oversized summary judgment brief, as well as additional proposed findings of fact. (Docket # 68.) Pease objects to Defendants' motion to enlarge and moves to strike; alternatively, Pease requests until January 10, 2022 to respond to Defendants' motions. (Docket # 70.) I will address each issue raised by the parties' motions in turn.

## ANALYSIS

1. *Pease's Motion to Extend Discovery, for Sanctions, and for Attorney's Fees (Docket # 53)*

    1.1 Request to Extend Discovery

Again, discovery in this case closed on April 30, 2021 and was reopened on June 4, 2021 for the limited purposes of re-deposing Brokopp, producing the native file version of Pease's resignation letter, and finishing the computer search regarding the gymnasium floor. During the June 4, 2021 hearing, I stated as follows:

> [T]here's still the issue of the search terms that you are working on and that you have until June 11 to confer and agree. So there may be additional discovery related to that issue. I will certainly allow you more time to deal with that.

(June 4 Tr. at 9.) Pease argues that I contemplated the need for additional discovery on June 4 and that Defendants' subsequent production of documents in response to the search regarding the gymnasium floor, as well as the metadata from the Brokopp addendum, necessitates additional discovery, such as the re-deposition of Mark Elworthy. (Docket # 54 at 14.) While Pease argues that the newly obtained discovery reveals inconsistencies with certain witnesses' deposition testimony and shows that Defendants had reviewed Brokopp's

4

Case 2:20-cv-00103-NJ    Filed 12/07/21    Page 4 of 8    Document 76

addendum on November 9, 2020—after the document was requested by Pease and prior to Defendants turning it over on April 20, 2021—it is entirely unclear to me what additional discovery is warranted. This case has been pending for nearly two years. Discovery needs to cease so that the case can move forward. Pease's request to extend the discovery deadline by 60 days to conduct additional discovery is denied.

### 1.2 Costs for Rule 30 Violations

Pease also requests that Defendants reimburse him all of the costs of the Brokopp depositions and the costs of further discovery based on the withheld documents and the Brokopp Addendum. (Docket # 54 at 16.) As I am not allowing further discovery, I will not award costs on this basis.

As to the costs related to the Brokopp depositions, on June 4, 2021, I ordered the parties to split Pease's costs for the two Brokopp depositions. Defendants, however, have not yet paid Pease the costs as ordered on June 4. They contend that Pease has provided insufficient documentation as to the costs of Brokopp's depositions (Docket # 71 at 16–17) and further assert that Pease's claimed costs for the August 27, 2021 deposition are excessive (*id.*).

As to the February 5, 2021 Brokopp deposition, Pease submits costs in the amount of $1,287.50. (Docket # 72-1.) This amount is reasonable and Defendants are ordered to pay Pease half, i.e., $643.75.

As to the August 27, 2021 Brokopp deposition, however, Pease submits costs in the amount of $11,295.50. (Docket # 72-2.) This amount is unreasonable. Although counsel previously billed 4.8 hours preparing for Brokopp's February 2021 deposition (Docket # 72-1), he billed 22.9 hours preparing for the August 2021 deposition (Docket # 72-2). While

Pease did receive additional documents prior to the August deposition, it does not explain the significant disparity in preparation time. Even in situations where a deponent fails to attend a deposition, "[t]he court usually does not order the non-compliant party to pay for the attorneys' time spent preparing for the deposition, which is generally rescheduled, resulting in the preparation time not going to waste." *United States v. Gorokhovsky*, No. 18-CV-590, 2020 WL 5633262, at *1 (E.D. Wis. Sept. 18, 2020). Furthermore, while Pease previously billed for only one attorney (Attorney Hitchcock Cross) (Docket # 72-1), he now bills for three attorneys to prepare for Brokopp's August 2021 deposition (Docket # 72-2). Pease requests fees for both Attorneys Flanner and Small for 13.1 hours of work. (*Id.*) I find this an unnecessary duplication of efforts and will not award costs for Attorneys Flanner and Small.

Attorney Hitchcock Cross also bills for 6.6 hours of travel to and from Sparta. It is unclear why Pease's counsel traveled to Sparta for the deposition when the deponent and counsel appeared remotely. (Docket # 55-1.) "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary*[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (internal quotations and citations omitted) (emphasis in original). It seems unlikely counsel would bill his client for 6.6 hours of travel when he previously billed for only one hour of travel, especially when the deposition was being conducted remotely.

Thus, I will allow Pease to recover for Attorney Hitchcock Cross' time appearing at the deposition (5.1 hours) and for an additional hour of preparation time, given the production of new documents. At Attorney Hitchcock Cross' rate of $250/hour, that amounts to $1,525.00. As such, Defendants are ordered to pay Pease $762.50 in costs for the August 2021 deposition of Brokopp and $643.75 in costs for the February 2021 deposition of Brokopp,

totaling $1,406.25. Defendants are ordered to pay Pease the costs in the amount of $1,406.25 no later than **December 21, 2021**.

### 1.3 Attorney's Fees for Instant Motion

Finally, Pease requests attorney's fees for bringing the instant motion. (Docket # 54 at 16.) This request is denied. I have twice expressed, on the record, my disappointment in the conduct of both attorneys of record in this case. (May 20 Tr. at 40–41, June 4 Tr. at 7–8.) There appears plenty of blame to go around for the delays in this litigation and I will not spend further time adjudicating yet another sanctions request.

### 2. *Defendants' Motion to Enlarge Page Limit and Proposed Findings of Fact (Docket # 68)*

Again, Defendants filed their motion for summary judgment on the dispositive motion deadline of November 1, 2021. (Docket # 57.) Defendants filed their brief and proposed findings of fact the next day, and several days later requested leave to file instanter. (Docket # 66.) I granted that motion. However, Defendants filed a 55-page brief, in excess of the 30-page limit set by the local rules and filed 265 proposed findings of fact, in excess of the local rule's limit of 150. *See* Civil L.R. 56 (E.D. Wis.). The local rules provide that a party must seek leave to file an oversized brief *prior* to filing. *See* Civil L.R. 56(b)(8)(B) ("No memorandum exceeding the page limitations may be filed unless the Court previously has granted leave to file an oversized memorandum.").

Although Defendants do not explain why leave was not sought prior to filing, they contend that the summary judgment motion truly consists of both a motion for summary judgment *and* a motion for reconsideration; thus, the brief is only oversized by approximately 11 pages and 32 additional proposed findings of fact. (Docket # 68.) These two motions should have been filed separately. However, while Pease's objections are well-taken, I will

7

not strike the motion for reconsideration or waste time requiring Defendants to re-file it separately from the summary judgment motion. I will, however, grant Pease's request for an extension of time until **January 10, 2022** to respond to both the summary judgment and reconsideration motions.

That being said, I again caution the parties to follow the local rules and act with civility for the remainder of this litigation.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendants' motion for leave to exceed the summary judgment page limit and proposed findings of fact (Docket # 68) is **GRANTED**. Pease has until **January 10, 2022** to respond to Defendants' motions.

**IT IS FURTHER ORDERED** that Pease's Motion to Extend Discovery, Motion for Sanctions, and for an award of attorney's fees (Docket # 53) is **GRANTED IN PART AND DENIED IN PART**. Pease's motions to extend discovery and for costs and attorney's fees is denied. However, the motion is granted insofar as Defendants are ordered to pay Pease costs in the amount of $1,406.25, associated with the Brokopp depositions, no later than **December 21, 2021**.

Dated at Milwaukee, Wisconsin this 7th day of December, 2021.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge